UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**MADIEU WILLIAMS d/b/a,**          )
      **M. Williams Ventures,**     )
                                    )
      **Judgment Creditor,**        )
                                    )
    v.                            )   Civil Action No. 10-1763 (RMC)
                                    )
**THE BLUEPRINT, LLC,**             )
                                    )
      **Judgment Debtor.**          )
                                    )
_____ )

**MEMORANDUM OPINION**

Madieu Williams d/b/a M. Williams Ventures, sued The BluePRINT, LLC, for a debt owed. After the Court entered default judgment against BluePRINT, Mr. Williams sought to ascertain what assets were held by BluePRINT. His efforts, however, were routinely ignored. In fact, BluePRINT did not take the matter seriously until the Court took repeated action against the company's owner and sole principal. Now that the debt has been paid, Mr. Williams moves for postjudgment attorney fees, costs, and interest. The motion will be denied.

**I. FACTS**

The Court entered default judgment against BluePRINT on June 10, 2011, in the amount of $142,961.00. *See* Order Granting Mot. for Default J. [Dkt. 18]. Mr. Williams thereafter served interrogatories on BluePRINT to determine its assets and, eventually, received incomplete, inaccurate, and unsworn, responses. *See* Mot. for Att'y Fees at 4 [Dkt. 35]. Mr. Williams filed a motion to compel proper answers, *see* Mot. to Compel [Dkt. 19], and the Court granted his motion on December 3, 2012. *See* Order Granting Mot. to Compel [Dkt. 20].

When no response from BluePRINT was forthcoming, Mr. Williams filed a motion for contempt and the Court issued a show-cause order. *See* Mot. for Att'y Fees at 4. The Court also required Rudolph Cline-Thomas, BluePRINT's owner and sole principal, to appear at a show cause hearing before the Court on January 16, 2013. Although Mr. Williams' lawyer appeared, no one appeared to represent BluePRINT, and Mr. Cline-Thomas did not show up. *See* Jan. 18, 2013 Order [Dkt. 22]. Concerned that Defendant may not have received its order, the Court issued a second order to show cause and set a contempt hearing set for March 15, 2013. *Id.* Once again, Mr. Williams's counsel appeared but not Mr. Cline-Thomas or BluePRINT's counsel. The Court issued a bench warrant, Mar. 20, 2013 Order [Dkt. 24], and later set a hearing for April 12, 2013.

Mr. Cline Thomas finally appeared, albeit without counsel, at the April 12 hearing. The Court found Mr. Cline-Thomas in contempt and instructed him to absolve himself of contempt by submitting full responses to the discovery requests issued by Mr. Williams. By all appearances contrite, he agreed. By Order thereafter, the Court required BluePRINT to provide full, complete and accurate responses. *See* Apr. 12, 2013 Order [Dkt. 25]. Disproving the proverbial "third time's lucky," BluePRINT again did not comply. A second bench warrant for Mr. Cline-Thomas was issued, Apr. 23, 2013 Order [Dkt. 29], Mr. Cline-Thomas appeared on May 14, 2013, this time with counsel, and the Court found Mr. Cline-Thomas in contempt of court once more. This hearing, however, resulted in the issuance of a Court Order holding Mr. Cline-Thomas at the D.C. Jail until such time as BluePRINT responded fully and accurately to Mr. Williams' interrogatories. Mot. for Att'y Fees at 5.

During a subsequent hearing on May 17, 2013, BluePRINT satisfied the judgment via a check written by BluePRINT's counsel.  The Court then released Mr. Cline-Thomas from custody.  Notice of Satisfaction of J. [Dkt. 33].

Mr. Williams now seeks $25,508.73 in attorney fees and costs as well as postjudgment interest totaling $498.38, arguing that BluePRINT can be required to pay these amounts under 28 U.S.C. § 1927 because BluePRINT and its counsel multiplied the proceedings unreasonably and vexatiously.  Mot. for Att'y Fees at 6-8.

## II. LEGAL STANDARD

Under the "American Rule," attorney fees usually are not awarded to the successful party to a lawsuit in the absence of statutory authority.  However, when litigation is unreasonably and vexatiously multiplied, fees and costs may be recovered from opposing counsel by the injured party.  Section 1927 of Title 28 of the United States Code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Accordingly, Mr. Williams contends that § 1927 warrants reimbursement for attorney costs and fees here due to BluePRINT's "intransigence, if [not] outright defiance."  Mot. for Att'y Fees at 6.  In support, he recites the ways in which BluePRINT prolonged the litigation by failing to respond to his interrogatories, ignoring the Court's orders to compel and to show cause, providing incomplete and inaccurate responses, and using BluePRINT's counsel to harass Mr. Williams while Mr. Cline-Thomas was held in the D.C. Jail.  Id. at 6-7.

Mr. Williams also seeks $498.38 in postjudgment interest, pursuant to 28 U.S.C. § 1961(a).  He claims that this figure represents interest accrued from June 10, 2011, until the

judgment was satisfied on May 17, 2013, during which time BluePRINT reduced the outstanding balance of the judgment by $10,000 on April 4, 2013 and $15,000 on May 16, 2013. *Id.* at 7.

### III. ANALYSIS

In moving for attorney fees and costs, Mr. Williams misapprehends the scope of 28 U.S.C. § 1927. Non-lawyers, such as BluePRINT and its owner and sole principal, Mr. Cline-Thomas, are not covered by the statute. Only "attorney[s] or other person[s] admitted to conduct cases" in federal court may be so liable. 28 U.S.C. § 1927. Accordingly, Mr. Williams' motion for attorney fees and costs against BluePRINT and Mr. Cline-Thomas will be denied.

This result is entirely in keeping with the American Rule, whereby parties in civil litigation do not recover fees without a statutory basis. Section 1927 was designed to regulate the behavior of attorneys, not their clients. *Id.*; *see Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). In that context, "[t]he standard for imposing sanctions on legal judgment is high, usually requiring vexatiousness, malfeasance, bad faith, or the like," by the attorney. *In re Crescent City Estates, LLC*, 588 F.3d 822, 830 (4th Cir. 2009).

The conduct which prompts Mr. Williams' motion in reliance on § 1927 was not that of counsel, but rather that of BluePRINT and its owner and sole principal, Mr. Cline-Thomas. *See* Mot. for Att'y Fees at 6 ("As a result of BluePRINT's conduct, Williams incurred significant cost and expense."). At the third contempt hearing (after issuance of a bench warrant), Mr. Cline-Thomas appeared alone and without counsel, was found in contempt, and pledged his compliance with the Court's orders. At the fourth contempt hearing (after issuance of another bench warrant), Mr. Cline-Thomas was accompanied by counsel but counsel was silent in the face of obvious non-compliance and the Court ordered Mr. Cline-Thomas to jail until BluePRINT answered the interrogatories completely and fully. At the next hearing, defense

counsel wrote a personal check to satisfy the judgment against his client and achieve Mr. Cline-Thomas's release from custody.

The Court accepts the representation of counsel for Mr. Williams that counsel for BluePRINT made multiple calls and entreaties to agree to release Mr. Cline-Thomas during his four days of incarceration. Mot. for Att'y Fees at 7. While perhaps annoying, the Court cannot find that such calls represent vexatiousness, malfeasance, bad faith, or the like, or that they warrant a sanction of payments from counsel to Mr. Williams, especially as payments toward the debt were made contemporaneously. *Id.*

The Court does not condone the conduct of BluePRINT or its owner and sole principal, Mr. Cline-Thomas. Indeed, he spent four days in the D.C. Jail as a result of his contempt of court. The Court also appreciates the time and expense Mr. Williams incurred to achieve payment on the debt. However, defense counsel did not conduct himself in a manner subject to sanctions under 28 U.S.C. § 1927, and the statute is inapplicable to either BluePRINT or Mr. Cline-Thomas.[1]

As for the postjudgment interest that Mr. Williams's seeks, the Court will deny this request as well. The willful disregard that BluePRINT and its owner and sole principal exhibited for the seriousness of this matter is shameful, and Mr. Williams's desire to extract more money from BluePRINT is understandable. However, considerations of judicial economy and the efficient use of the parties' resources should take precedence. Four contempt hearings and a four-day jail stint were required before BluePRINT and its owner and sole principal paid

---

[1] In his reply, Mr. Williams mentions Federal Rule of Civil Procedure 37(a)(4) as an alternative ground for recovering his attorney's fees and costs. The Court will not consider this argument, however. Having waited to advance this argument until his reply, Mr. Williams has waived it. *See, e.g.*, *A.J. McNulty & Co. v. Sec'y of Labor*, 283 F.3d 328, 338 (D.C. Cir. 2002) (adhering to this Circuit's rule that points raised for the first time in a plaintiff's reply brief should not be considered).

the default judgment.  The attorney's fees alone that Mr. Williams has incurred trying to obtain postjudgment interest from BluePRINT undoubtedly exceed the $498.38 in postjudgment interest that he seeks.  Further, judicial resources, already strained to the breaking point by sequestration, cannot be wasted on another misadventure with BluePRINT and Mr. Cline-Thomas.

## IV. CONCLUSION

It is time for Mr. Williams to declare victory and move on.  The imposition of attorney's fees and costs in this case are outside the scope of 28 U.S.C. § 1927, and the Court does not have the resources to chase BluePRINT for a mere $498.38 in postjudgment interest.  Mr. Williams's motion [Dkt. 35] will be denied.  A memorializing Order accompanies this Memorandum Opinion.

DATE: July 9, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge